Argued and submitted January 26,
affirmed April 6, 1981

# STATE OF OREGON,
*Appellant,*

*v.*

# TYRONE DEAN BRADLEY,
*Respondent.*

## (No. B55-371, CA 18818)

626 P2d 403

Frank R. Papagni, Jr., Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief were J. Pat Horton, District Attorney, and Richard A. Carlson, Assistant District Attorney, Eugene.

Stephen Shurin, Eugene, argued the cause for respondent. With him on the brief was Shurin & Thies, Eugene.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This appeal involves the application of the doctrine of collateral estoppel in criminal proceedings. The state appeals from an order dismissing a criminal complaint charging the defendant with a misdemeanor.

Defendant was convicted of theft in the first degree. He was granted probation. During probation, defendant was accused by a criminal complaint filed in the Lane County District Court of discharging a weapon on or across a highway, a misdemeanor. ORS 166.630(1). Subsequent to the filing of the complaint and before trial, defendant was cited to appear in Circuit Court and show cause why his probation should not be revoked for the following reason:

> "The purposes of probation are not being served for the defendant on November 27, 1979, in Lane County, Oregon, did unlawfully and with criminal negligence discharge a 30-30 caliber rifle, a firearm, upon or across United States Highway 101, a highway or public road, at or near 12th Street, Florence, Oregon * * *."

The quoted material allegation in the show cause order is the same allegation as in the criminal complaint charging the misdemeanor.

The Circuit Court, after a hearing, dismissed the probation revocation proceeding by an amended order dated July 7, 1980, with a finding that:

> "* * * [the court], having found that a material element of the allegation, to-wit: that the *action took place* 'upon or across United States Highway 101 * * * at or near 12th Street, Florence, Oregon' was not proven by the plaintiff * * * the matter of the show cause be and hereby is dismissed."

Defendant then moved to dismiss the criminal action pending in District Court on the ground of collateral estoppel, arguing that the Circuit Court finding, in the probation hearing, that the material allegation failed because of a lack of proof, barred the state from relitigating that same issue in the pending criminal action. The District Judge granted the motion and dismissed the complaint under the doctrine of collateral estoppel. We affirm.

This case does not turn on the application of the constitutional standard of double jeopardy (or its ingredient, collateral estoppel as a principal of constitutional law,[1] *Ashe v. Swenson,* 397 US 436, 25 L Ed 2d, 469, 90 S Ct 1189 (1970); *State v. Mozorosky,* 277 Or 493, 561 P2d 588 (1977)), or the apparent statutory counterpart, ORS 131.515.[2] The only issue here is the application of the doctrine of collateral estoppel, absent any constitutional standards.[3] The doctrine is the subject of a statute, ORS 43.160, which provides:

> "That only is determined by a former judgment, decree or order which appears upons its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

■■   The statutory doctrine is applicable in criminal cases. *State v. Dewey,* 206 Or 496, 504, 292 P2d 799 (1956). It prohibits the relitigation of an *issue* in a criminal action between the same parties. *State v. George,* 253 Or 458, 455 P2d 609 (1969). *Jones v. Flannigan,* 270 Or 121, 124, 526 P2d 543 (1974), a civil case, states the rule as follows: "The doctrine of collateral estoppel grants finality to *material issues* or *determinative facts* which were *actually* or *necessarily* adjudicated in the prior action. (Citations omitted)." (Emphasis added).

■   The state argues that, because a probation revocation hearing is neither a criminal action nor a trial and is completely unrelated to a determination of guilt or innocence of the convicted probationer, the doctrine of collateral estoppel does not apply. *State v. Baxley,* 27 Or App 73, 555

---

[1] US Const, Amend V; Or Const, Art I § 12.

[2] ORS 131.515 provides:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

[3] Therefore, the state's reliance on *State v. Eckley,* 34 Or App 563, 579 P2d 291 (1978), is misplaced. *Eckley* was decided solely on the constitutional ground of double jeopardy and not on the doctrine of collateral estoppel as precluding or not precluding relitigation of a question of fact decided in a prior proceeding. An explanation of the distinction between these concepts is found in Annotation, 9 ALR3rd 203.

P2d 782 (1976). We acknowledge that the summary hearing provided by ORS 137.550(2) is a criminal proceeding and not a trial or an action. *Id.,* 27 Or App at 76; ORS 131.005(7). That distinction, however, is irrelevant. The statute which we apply here, ORS 43.160, refers to issues determined by "a former judgment, decree or order * * *." A final order was entered pursuant to the revocation proceeding, and the statute therefore applies.

██ ██ The ultimate issues in probation revocation proceedings are whether or not the defendant has violated his probation and whether the purposes of probation are being served. Probation is granted or revoked in the exercise of limited discretion by the trial judge.

> "The purpose of the summary hearing referred to in ORS 137.550(2) is to afford the person on probation an opportunity to be heard in the event that he disputes any of the allegations made against him by the probation officer or other person seeking the revocation of probation. *At such a hearing it is the duty of the trial court to decide what the facts are and then to exercise its discretion in one of two ways.* * * * It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated. * * *" *Baker v. Ireland,* 238 Or 1, 3, 392 P2d 769 (1964). (Emphasis added.)

The state argues that, because the court in the revocation proceeding only had to be satisfied that the purposes of probation were not being served, it was not necessary for the court to decide the issue which the state seeks to relitigate. This argument fails to acknowledge the factfinding role of the judge in deciding whether to revoke probation or not. True, a judge might find for a variety of reasons that the purposes of probation are not being served; a finding of one fact in particular might not, therefore, be necessary or determinative. But here only one reason was asserted for the revocation, and that was that defendant had violated the terms of his probation by discharging a weapon on or across a highway. Whether the act occurred on or across a highway was a material issue, and, more importantly, it was one which was actually litigated and decided. *See Jones v. Flannigan, supra.*

■ In the instant case, the parties are the same; the issue is identical, i.e., shooting across highway 101; the state had its day in court in the revocation proceeding to prove the issue;[4] it failed to prove the issue by a preponderance of the evidence; and the court in the former proceeding made a specific finding that the material issue or determinative fact necessary to revoke probation was not proven. That the ultimate fact was determined in the former proceeding by an order of the court appears on the face of the order. ORS 43.160, *supra.*

We wish to make it clear that our holding in this case is limited. Most probation revocation proceedings are relatively informal. Evidence of a hearsay nature is commonly offered by a probation officer concerning some or all of the issues being considered at the hearing. It would be easy for a criminal defendant to "ambush" the state in one of these proceedings and obtain a ruling like that involved in this case, unless we make it clear that the ambush will not work.

■■ We hold here *only* that an express finding on a matter of fact material to a probation revocation proceeding will collaterally estop the state from attempting to prove that same fact at a later criminal trial of the probationer *only where the factual issue was fully litigated at the probation revocation proceeding.* A *general* ruling against the state in a probation revocation proceeding will not suffice to invoke the doctrine, and neither will a *specific* finding so serve *unless the state had notice that the issue was to be fully litigated and was afforded a complete opportunity to do so.*

Affirmed.

---

[4] The state makes no claim that it did not have an opportunity to litigate this issue. *See State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975).