Argued and submitted October 29, 1984, reversed March 20, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## ROGER A. McALLISTER,
*Appellant.*

(82-2274; CA A30398)

696 P2d 1138

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from his conviction for first degree theft. ORS 164.055. The issue is whether collateral estoppel bars that conviction. We hold that it does and reverse.

Defendant was arrested for driving under the influence of intoxicants on November 10, 1982. The arresting officer seized a pistol, later determined to have been stolen, from defendant's car, and another stolen weapon was seized from defendant's home. Defendant claims that he purchased the weapons without knowledge that they were stolen. He was subsequently indicted for driving under the influence of intoxicants and theft of the weapons.

At the time of his arrest, defendant was on probation. The state initiated probation revocation proceedings in the district court, alleging that defendant had violated the terms of his probation by possessing firearms, being under the influence of intoxicants, driving under the influence of intoxicants and committing first degree theft.

At the probation revocation hearing, only the arresting officer and defendant testified. With respect to the allegation of theft, the only evidence proffered by the state to show that the guns were stolen was excluded as hearsay. Defendant testified that he did not know that the guns were stolen when he purchased them. The state did not cross-examine defendant on that point. The court concluded that defendant had not violated the terms of his probation and made the following oral findings concerning the alleged theft:

"* * * [T]here is no evidence, legal, anything I can consider that any of the guns he had were stolen or if they were, that he didn't steal them, that he had any knowledge that they were stolen, I guess that's a matter that can be determined, I assume, at his future trial."

The court later entered a written order, including the statement that "a Probation Hearing was held and defendant was found not in violation of his probation." Defendant filed an objection to that order and submitted an amended order containing the specific findings the court had made at the hearing. The objection was denied.

At the trial for first degree theft in the circuit court,

defendant moved to dismiss on the ground of collateral estoppel. The motion was denied on the basis of the district court's failure to make any specific written findings concerning the theft. Defendant was convicted.

The statutory basis for collateral estoppel is ORS 43.160:

> "That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

We applied the statute in a similar factual setting in *State v. Bradley,* 51 Or App 569, 626 P2d 403 (1981). There, the state sought to revoke the defendant's probation on the ground that he had unlawfully discharged a weapon on or across a highway. In the probation revocation proceeding, the circuit court entered an order containing an express finding that the state had failed to prove that the action took place on or across a highway. The district court then dismissed the pending criminal action on the ground of collateral estoppel. We affirmed:

> "We hold here *only* that an express finding on a matter of fact material to a probation revocation proceeding will collaterally estop the state from attempting to prove that same fact at a later criminal trial of the probationer *only where the factual issue was fully litigated at the probation revocation proceeding.* A *general* ruling against the state in a probation revocation proceeding will not suffice to invoke the doctrine, and neither will a *specific* finding so serve *unless the state had notice that the issue was to be fully litigated and was afforded a complete opportunity to do so.*" 51 Or App at 574. (Emphasis in original.)

■ Defendant argues that, under *Bradley,* the state was collaterally estopped from prosecuting him for theft, because the district court determined that he had not committed theft. The state responds, first, that the issue of theft was not fully litigated and, second, that the court made only a general finding that defendant had not violated probation, which, under *Bradley,* does not suffice to invoke the doctrine of collateral estoppel. We agree with defendant and find the state's response unpersuasive.

The issue of theft was fully litigated in the probation revocation proceeding. The state obviously had notice that the

issue was to be litigated, because it had alleged that defendant had committed theft. Merely because the only evidence tending to show that the guns were stolen was excluded, or because the state chose not to cross-examine defendant concerning his knowledge that they were stolen, or because the state was not better prepared to prove its case, does not mean that the issue was not fully litigated. The state had a complete opportunity to prove its case against defendant.

■ ■    The state's second contention ignores the court's express oral findings that there was no evidence that the guns were stolen or, if they were, that defendant knew that they were stolen. True, the court's written order contains only a general finding; but, when such a finding is made in a case that could give rise to collateral estoppel, it is appropriate to examine the record to establish what was actually and necessarily determined in the previous case.[1] *See State v. Johnson,* 70 Or App 403, 689 P2d 1032 (1984). The record, as shown by the district court's oral findings, reveals that a crucial element of theft was determined in defendant's favor.[2] We interpret the court's order as "actually and necessarily" including that determination. Therefore, the state was collaterally estopped from relitigating that issue in the circuit court. ORS 43.160; *State v. Bradley, supra.*

■    The state argues that *Bradley* requires that the determination which serves as the basis of collateral estoppel appear as an express finding on the face of the court's order in the probation proceeding. The state misreads *Bradley.* It is true that in *Bradley* the express finding was included in the court's written order. However, *Bradley* does not hold that *only* such an express written finding can serve as a basis for collateral estoppel. The written order of the district court involved in this case stated that "defendant was found not in violation of his probation." The order, read in conjunction

---

[1] When there is a conflict between a written order and oral findings, the written order controls and serves as the basis for appellate review. *State v. Swain/Goldsmith,* 267 Or 527, 517 P2d 684 (1974). The case does not say that a reviewing court cannot go behind the written order to determine what was intended by it.

[2] The state argues that the judge's remark that "I guess that's a matter that can be determined, I assume, at his future trial" shows that the judge actually made no final determination on the issue of theft. We disagree. Whatever the judge intended at the time, it is clear from the order that he ultimately concluded that the state had not proved that defendant had committed theft.

with the state's allegations and the oral findings of the court, satisfies ORS 43.160, because the finding that all the elements of theft had not been proved "was actually and necessarily included" in the order or was necessary to the order. ORS 43.160.

Reversed.