Argued and submitted October 31, 1986, reversed and remanded February 25, 1987

# STATE OF OREGON,
*Appellant,*

*v.*

# JERRY LEE BARZA,
*Respondent.*

(86-C-20073; CA A39533)

733 P2d 72

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals the dismissal of a first degree sexual abuse charge against defendant. ORS 163.425. The sole issue is whether a previous order revoking defendant's probation collaterally estopped the state from prosecuting defendant on the present charge. We hold that it did not and reverse.

At the time of the charged offense, defendant was on probation to the District Court for Marion County for an earlier second degree sexual abuse conviction. Before trial on the present charge, the district court held a hearing to determine whether defendant's probation should be revoked. The state, in a motion for an order to show cause why the probation should not be revoked, advanced two allegations for the revocation: commission of a new crime (this sexual abuse charge) and failure to abide by a condition of probation to reimburse the state for court costs. No evidence was presented at the hearing in support of the state's allegation that defendant had committed a new crime. The prosecutor merely noted that new criminal charges were pending against defendant and that law enforcement officials considered him a potential threat to the community.[1] The state produced evidence of the failure to pay costs, and the district court elected to revoke probation on that ground.[2] The order revoking pro-

---

[1] In her opening statement in the probation revocation hearing, the prosecutor stated:

"I have spoken with Tom Bostwick, who is a circuit court deputy who is presently handling Mr. Barza's sex abuse I crime which is now presently pending in the circuit court. Based upon the commission of the sex abuse I and the fact that Mr. Barza has failed to comply with the terms of his probation — those terms of probation were due, as per the judgment order — excuse me, your Honor, by 4/7 of '85. To the best of our knowledge, none of the terms of that judgment order have been complied with. On that ground, your Honor, and on the basis that Mr. Bostwick feels that Mr. Barza is a threat to the community, we would ask that the court revoke Mr. Barza's probation and that he be sentenced to serve the 180 days in the Marion County Jail."

In defense counsel's opening statement, he claimed that defendant had not had the ability to pay the costs assessed by the court. When asked about the charge of commission of a new crime, he replied:

"Well, your Honor, that is pending at this time. It's my understanding that probation cannot be revoked, just on the allegation a crime — just on an allegation that a crime has been committed, but only on a finding that a crime ---."

[2] The district court's oral ruling was:

"Well, Mr. Barza, every year, every summer in the Salem area, the farmers are

bation did not specify a particular ground or include any findings of fact. When defense counsel inquired about the other ground, the court responded:

> "I'm just going to go ahead on the failure to pay the costs, and not on the fact that he allegedly committed a new crime. There's been no proof of that to my satisfaction, and so it will be merely for the failure to pay the costs and assessments on that."

The circuit court apparently interpreted that statement as a ruling on the merits of the crime charged. It granted defendant's motion to dismiss the sexual abuse charge on collateral estoppel grounds, and the state appeals.

Defendant asserts that the circuit court reasoned correctly by finding that the district court had rendered a final ruling on the sex abuse allegation. He argues that the state had ample opportunity to litigate the charge in the district court and is therefore collaterally estopped from proceeding against defendant. That misconstrues the nature of both the district court's order and our holding in *State v. McAllister,* 72 Or App 611, 696 P2d 1138 (1985).

Relevant portions of the doctrine of collateral estoppel are codified in ORS 43.160:

> "That only is determined by a former judgment, decree or order which appears upon its face to have been so determined

---

begging for people to come out, pick strawberries, pick beans, work in the fields, work in the marionberries; and they can't find enough people, and crops rot in the field. I don't see why you could not have gone out there and worked, and made some money.

"Now, in this case, I suspended a $500 fine. The only thing you had to do was reimburse the taxpayers and the State for the money they put out for a court-appointed lawyer, which was Mr. Morley, and pay a $20 victims' assessment that was required of me to assess. There's no notation in the file whatsoever that you ever contact[ed] this court. If we were in here on all the other problems with this, like [the condition that you] provide proof of counselling to the district attorney's office — if the motion had been filed, all of those things, as far as my file reflects, have not been done. So I see no reason why, Mr. Barza, I should not revoke your probation, and I'm going to do that.

"* * * * *

"It doesn't look like, to me, Mr. Barza, you've done anything at all since I sentenced you on August 1st of 1984 that you were supposed to. So — but I'm only finding that you'd failed to pay these costs and the assessment, because those are the only two items that I'm satisfied, without any doubt in my mind whatsoever, that you could have done. So that'll be the order."

or which was actually and necessarily included therein or necessary thereto."

In *McAllister,* the state sought to revoke the defendant's probation on grounds that he had possessed firearms, been intoxicated, operated a motor vehicle while under the influence of intoxicants and committed a new offense (first degree theft). At the probation revocation hearing, the state attempted to prove the allegation of theft but offered hearsay evidence which was excluded. The defendant testified concerning the theft and the court specifically found for the defendant concerning proof of one element of the theft allegation. On appeal from the subsequent dismissal of the first degree theft charge, we concluded that a critical element of the theft charge had necessarily been determined in the parole revocation hearing when the court found for the defendant. We held that the state was collaterally estopped from relitigating that issue in a criminal trial.

The present case is distinguishable from *McAllister.* The district court granted the state's motion to revoke probation on grounds not put in issue by the criminal charge. Unlike in *McAllister,* the state did not attempt to prove the new criminal charge and the district court did not necessarily determine a crucial fact regarding the subsequent offense in deciding the probation revocation issue. No written or oral finding was made about the criminal offense. Thus, a basis for collateral estoppel did not appear on the face of the order. ORS 43.160. Although the circuit court found that a specific finding exonerating defendant had been made, the district court's pronouncements during the hearing are, at best, ambiguous. As we noted in *State v. Bradley,* 51 Or App 569, 626 P2d 403 (1981), collateral estoppel should be applied with a discerning eye to informal proceedings like those in question here.

> "Most probation revocation proceedings are relatively informal. Evidence of a hearsay nature is commonly offered by a probation officer concerning some or all of the issues being considered at the hearing. It would be easy for a criminal defendant to 'ambush' the state in one of these proceedings and obtain a ruling like that involved in this case, unless we make it clear that the ambush will not work.
>
> "We hold here *only* that an express finding on a matter of fact material to a probation revocation proceeding will collaterally estop the state from attempting to prove that same fact

at a later criminal trial of the probationer *only where the factual issue was fully litigated at the probation revocation proceeding.* A *general* ruling against the state in a probation revocation proceeding will not suffice to invoke the doctrine, and neither will a *specific* finding so serve *unless the state had notice that the issue was to be fully litigated and was afforded a complete opportunity to do so.*" 51 Or App at 574. (Emphasis in original.)

Because the state was able to obtain revocation of defendant's probation on other grounds, it had no reason to litigate the commission of another offense. We hold that the state is not collaterally estopped from prosecuting defendant on the present charge.

Reversed and remanded.