Argued and submitted January 20, affirmed May 6, reconsideration denied June 12, petition for review allowed November 17, 1987
See later issue Oregon Reports

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN DANIEL DONOVAN,
*Appellant.*

(53517 S; CA A40898)

736 P2d 570

William Uhle, Portland, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He contends that the court erred in denying his motion to dismiss the charge on the ground of collateral estoppel. We affirm.

At the time of his arrest on November 30, 1985, defendant was on probation. His probation officer initiated probation revocation proceedings. The pertinent allegations of the probation violation report were that defendant had consumed alcohol and used or possessed controlled substances. The report stated that the allegations arose out of the incident which resulted in defendant's arrest for DUII on November 30. At the conclusion of the hearing, the court determined that the state had not met its burden by a preponderance of the evidence, but refused to make any specific findings, stating:

> "Well, I'm not going to reopen at this point. I'm not satisfied at this time that there is sufficient evidence from (inaudible) probation violation, there may be in the future. I'm not making any finding relating to the use of alcohol nor am I making any finding specifically to license or AA. The evidence is pretty clear, I don't think anybody has to make a finding relating to the (inaudible). So I'm going to enter a not guilty on the probation violation today. I would tell you this, however, Mr. Donovan, that there is not any smoke where there is not fire. And, if there is a continuation of these allegations something is going to happen, that's for sure. You're aware of that. I'm not saying you're guilty of these things by any means. But I am saying there is usually some substance to charges brought by the probation officer. Sometimes they prove it, sometimes they don't. Today they did not, at least to the Court's satisfaction. But if I were you I'd shape up. That's all."

The issue is whether the court's failure to find that defendant had violated his previously imposed probation collaterally estops the state from litigating the issue of whether he was under the influence of intoxicants in the prosecution for DUII. Applying the holding in *State v. Bradley,* 51 Or App 569, 626 P2d 403 (1981), we conclude that collateral estoppel does not apply to these facts.

> "We hold here *only* that an express finding on a matter of

fact material to a probation revocation proceeding will collaterally estop the state from attempting to prove that same fact at a later criminal trial of the probationer *only where the factual issue was fully litigated at the probation revocation proceeding.* A *general* ruling against the state in a probation revocation proceeding will not suffice to invoke the doctrine, and neither will a *specific* finding so serve *unless the state had notice that the issue was to be fully litigated and was afforded a complete opportunity to do so.*" 51 Or App at 574. (Emphasis in original.)

*See also State v. McAllister,* 72 Or App 611, 614, 696 P2d 1138 (1985).

The state clearly had notice that the issues of alcohol and controlled substance, possession and use would be fully litigated, and it was afforded a complete opportunity to do so. However, the probation revocation court expressly refused to make any specific findings on those issues, and the general ruling is not sufficient to work a collateral estoppel. *State v. Bradley, supra.*

Affirmed.