## ESTATE OF ROBERT BOCEK et al,
*Appellants,*

*v.*

## GREENTREE DEVELOPMENT CO. et al,
*Respondents.*

(A8106-03289; CA A40012)

738 P2d 1008

Thomas S. Moore, Portland, argued the cause and filed the briefs for appellants.

Walter H. Sweek, Portland, argued the cause for respondents. With him on the brief were Thomas Sauberli and Vergeer, Roehr & Sweek, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, *Judges.*

YOUNG, J.

## YOUNG, J.

Plaintiffs appeal from a summary judgment in favor of defendants. Plaintiffs claim damages for breach of an alleged agreement in which they consented to the foreclosure of a mortgage in return for a promise not to seek a deficiency judgment against them personally.[1] Defendant Far West Federal Savings & Loan Association (Far West) held the mortgage.[2] The trial court held that a ruling in an earlier foreclosure action that denied plaintiffs' motion for relief from the deficiency judgment collaterally estops them from asserting in this case that the alleged agreement existed.[3] We reverse.

Defendants Greentree Development Co. and Ponderosa Enterprises, Inc., began the development of a mobile home park in Washington County. Plaintiffs purchased the park in 1975, financing the purchase with a two million dollar loan from Far West, secured by a mortgage on the park. The loan was personally guaranteed by the individual plaintiffs. In August, 1976, Far West filed an action to foreclose the mortgage. Plaintiffs' attorney eventually accepted service on their behalf, and he consented to the entry of an order of default. The attorney believed that Far West had agreed not to take a deficiency judgment against plaintiffs personally. Far West's successful bid at the sheriff's sale was approximately $250,000 less than the indebtedness on the loan, and Far West obtained a judgment against plaintiffs in that amount. It did not then notify plaintiffs of the judgment, nor did they learn of it otherwise. Several years later, Far West's attorney notified plaintiffs that he intended to register the judgment in Washington, where plaintiffs reside. Plaintiffs then engaged a different attorney, who filed a motion in the foreclosure action to set aside the deficiency judgment under *former* ORS 18.160[4]

---

[1] Plaintiffs are the corporation, which owned the mortgaged property, and its four stockholders, who guaranteed the corporation's performance of the mortgage. Plaintiff Ruth Bocek represents herself personally and the estate of her husband, Robert Bocek.

[2] The other defendants are two of Far West's subsidiaries that were engaged in real estate development.

[3] The trial court denied summary judgment on another claim. It later dismissed that claim without prejudice pursuant to a stipulation of the parties.

[4] *Former* ORS 18.160 provided:

"The court may, in its discretion, and upon such terms as may be just, at any

(*repealed by* Or Laws 1981, ch 898, § 53; *now* ORCP 71B(1)). After an evidentiary hearing, the court denied the motion. In its letter opinion the court stated:

> "The decisions to be made are chiefly on issues of credibility of the witnesses. I have also considered, however, the likelihood of the circumstances having accurred [*sic*] as each of the parties would have the court believe.

> "I am purposely avoiding the expression of any collateral findings due to the likelihood of future litigation.

> "The motion for relief is denied."

Plaintiffs filed the present action in Multnomah County at approximately the same time that they moved for relief from the judgment in the foreclosure case in Washington County. After the denial of that motion, defendants moved for summary judgment in this case, arguing that the court in the foreclosure case had necessarily found that no agreement existed and that that finding collaterally estops plaintiffs from asserting otherwise in this case. The trial court accepted that argument and granted summary judgment. It relied particularly on the foreclosure judge's statement that the "decisions to be made are chiefly on issues of credibility of the witnesses." In doing so, it erred.

ORS 43.160 establishes the scope of collateral estoppel:

> "That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

The court in the foreclosure case made no explicit findings of fact. Accordingly, the order does not determine anything on its face except that the motion is denied. Although it appears from the court's reference to credibility that it may have resolved at least some factual disputes, we cannot tell precisely what disputes it resolved, nor can we say that any particular factual determinations were necessary to the court's action.

---

time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Defendants argue that the existence of the alleged agreement was the only issue at the hearing. Even if defendants are correct, the court did not need to decide that issue. A motion under ORS 18.160 is addressed to the sound discretion of the court. *Becker v. Becker,* 271 Or 708, 710, 533 P2d 1367 (1975). All we know is that the court denied the motion.

We have been hesitant to give collateral estoppel effect to discretionary actions. In *State v. Bradley,* 51 Or App 569, 626 P2d 403 (1981), we held, *inter alia,* that a court's decision to deny a motion to revoke probation would collaterally estop the state in a later criminal trial only if the court made "an *express* finding on a matter of fact material to" the proceeding. 51 Or App at 574. (Emphasis supplied.) In *State v. Donovan,* 85 Or App 237, 736 P2d 570 (1987), we held that the denial of a probation revocation motion did not collaterally estop the state in the later criminal trial, because the court's findings were ambiguous. A decision on a motion to revoke probation, like a decision on a motion to set aside a judgment, includes a significant discretionary component. In each situation, the statutory requirements for collateral estoppel cannot be met without an explicit factual finding on an issue that has been fully litigated. Because there was no such finding in this case, there is no basis for collateral estoppel. It was error to grant summary judgment.

Reversed and remanded.