411 A.2d 308.

STATE *vs.* ARAM K. BERBERIAN.

FEBRUARY 15, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris, Weisberger and Murray, JJ.

694

WEISBERGER, J.   This appeal is before us on a denial of a motion to dismiss a criminal complaint for reckless driving on grounds of double jeopardy and collateral estoppel. The travel of the case and pertinent facts are as follows.

The defendant was initially charged in the Sixth Division District Court with reckless driving, obstructing justice, and refusing to yield to an emergency vehicle, all of which events allegedly took place on April 11, 1972. The charges arise, in defendant's terms, out of "a traffic altercation with Sheriff's van No. 10, on interstate route 195 in the city of Providence."[1] A trial in the District Court on the charge of refusing to yield to an authorized emergency vehicle resulted in a finding of not guilty by the trial justice. Jury trials were claimed on the charges of reckless driving and obstructing justice. These cases were tried in the Superior Court for the County of Providence on January 3, 1973. The trial resulted in a verdict of not guilty on the charge of obstructing justice and a verdict of guilty on the reckless driving charge. During the post-verdict polling of the jury, a question was raised regarding the hearing ability of one of the jurors. The defendant moved for a mistrial on the ground that the juror was so deficient in hearing ability as to be unable to perform the function necessary to afford defendant a right to a fair trial. The defendant also moved in the alternative that a thirteenth or alternate juror who had previously been excused be substituted for the juror whose hearing was deficient. Both motions were denied, and defendant was sentenced to serve fifteen days at the Adult Correctional Institutions for the offense of reckless driving. On appeal this court, being equally divided, first affirmed the judgment of the Superior Court. *State* v. *Berberian,* 113 R.I. 521, 324 A.2d 330 (1974).[2]

---

[1]The testimony given by state's witnesses at trial indicated that the defendant drove his station wagon between a sheriff's bus or van carrying prisoners and the lead car of a three-vehicle convoy. (All three vehicles bore flashing lights.) Testimony further indicated that although the defendant slowed down in front of the bus, he blocked attempts by the bus driver to pass him. On the Wickenden Street exit ramp from route 195, the defendant maneuvered alongside the bus in such a fashion as to force the bus into the curbing which lined the exit ramp.

[2]On this appeal only four justices took part in the decision.

Later in 1976, defendant filed a petition for habeas corpus before a full court which quashed the judgment of the Superior Court and remanded the case for further proceedings on the ground that "the juror's deafness may have adversely affected his ability to decide the case intelligently." The case was remanded "for further proceedings." *State* v. *Berberian,* 118 R.I. 413, 420-21, 374 A.2d 778, 782 (1977).

Upon remand to the Superior Court, defendant filed a motion to dismiss the reckless driving complaint on a number of grounds, including the grounds of double jeopardy and collateral estoppel. The motion to dismiss was denied and defendant immediately appealed, prior to the trial of the case.

The defendant asserts that he has a right to appeal from the denial of his motion to dismiss on double jeopardy grounds, even though such denial does not constitute a final judgment. In support of this assertion, he cites *Abney* v. *United States,* 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977). Although the Court in that case was construing statutory provisions conferring appellate jurisdiction under 28 U.S.C. §1291, Mr. Chief Justice Burger appeared to base the majority opinion of the Court at least in part on constitutional grounds:

> "Finally, the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against twice being put to *trial* for the same offense." (Emphasis in original.) 431 U.S. at 660-61, 97 S. Ct. at 2041, 52 L. Ed. 2d at 660-61.

Since the full complex of rights under the Fifth Amendment ban on double jeopardy has been made applicable to the states through the due process clause of the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969), we assume that an immediate appeal on nonfrivolous double jeopardy claims would be necessary in order to vindicate those rights fully. Therefore, the appeal on the double jeopardy aspects of the case is properly before us.

Regarding the merits of the appeal, defendant claims that reprosecution is barred in this case because his trial was terminated without manifest necessity as that term has been defined in *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165 (1824), and subsequent cases, including *Downum* v. *United States,* 372 U.S. 734, 83 S. Ct. 1033, 10 L. Ed. 2d 100 (1963), and *United States* v. *Jorn,* 400 U.S. 470, 91 S. Ct. 547, 27 L. Ed. 2d 543 (1971). Generally those cases have established the proposition that to declare a mistrial over the objection of the defendant in the absence of manifest necessity is a violation of the defendant's valued right to have his trial completed by a particular tribunal. It should be noted that in the case at bar defendant moved in the trial court for a mistrial and only in the alternative for the substitution of a thirteenth juror in place of the one whose hearing was alleged to have been impaired (a possibility that would have been speculative at best at the time when the substitution was requested).[3] In light of this motion for mistrial by defendant, a

---

[3]It should be noted that at the time the impairment of hearing first came to the attention of the court, a verdict had already been rendered in the case and the thirteenth juror had been excused prior to submission of the case to the jury for deliberation. Counsel for defendant moved for a mistrial immediately after interrogating the juror about his hearing on Thursday, January 4, 1973. It was not until Tuesday, January 9 that the motion to substitute was made. By this time not only had the thirteenth or alternate juror been excused and discharged, but the entire jury had been excused and discharged. We agree with the trial justice that substitution of a juror previously excused after a verdict had been rendered would have been of extremely doubtful legal validity, even if it proved to be practicable to have obtained the physical presence of the previously discharged jurors. Without exhausting the probabilities, we note it would have been extremely difficult for a juror who had not participated in deliberations to make a meaningful contribution

segment of Justice Harlan's opinion in *United States* v. *Jorn* becomes most pertinent.

> "If that right to go to a particular tribunal is valued, it is because, independent of the threat of bad-faith conduct by judge or prosecutor, the defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial. Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, *a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution,* even if the defendant's motion is necessitated by prosecutorial or judicial error." 400 U.S. at 485, 91 S. Ct. at 557, 27 L. Ed. 2d at 556. (Emphasis added.)

In this case there is not the slightest suggestion of prosecutorial or judicial overreaching. No contention is made that the juror's hearing defect was known prior to the polling of

---

to reconsider a verdict that had already been agreed upon by eleven other jurors. The defendant directs us to no case in which this anomalous procedure has been utilized or to which it has even been referred. Our own research has disclosed no such case. On principle, we believe that the trial justice was correct in rejecting this alternative.

The defendant cited in support of the concept of substitution of an alternate juror *People* v. *Collins,* 17 Cal. 3d 687, 552 P.2d 742, 131 Cal. Rptr. 782 (1976), *cert. denied,* 429 U.S. 1077, 97 S. Ct. 820, 50 L. Ed. 2d 796 (1977). The Supreme Court of California did permit substitution of an alternate juror after commencement of deliberations in a case in which a juror had been discharged for good cause. However, the substitution was made before verdict. Other courts have refused to permit substitution of an alternate juror once deliberations have begun. *United States* v. *Lamb,* 529 F.2d 1153 (9th Cir. 1975); *People* v. *Ryan,* 19 N.Y.2d 100, 224 N.E.2d 710, 278 N.Y.S.2d 199 (1966). This latter view is supported by commentary contained in 2 Wright, *Federal Practice and Procedure: Criminal* §388 at 52 (1969), interpreting Rule 24(c) of the Federal Rules of Criminal Procedure which provides that alternate jurors "shall be discharged after the jury retires to consider its verdict." Rule 24(c) of the Superior Court Rules of Criminal Procedure provides: "A juror whose name has not been drawn shall be discharged." The ABA Project on Standards for Criminal Justice, *Standards Relating to Trial by Jury* §2.7 (Approved draft, 1968), recommends substitution of an alternate juror only prior to the time the jury retires to deliberate. It is not necessary for us to decide this latter issue in the context of the instant case, since none of the foregoing authorities would even obliquely suggest the substitution of a juror after verdict.

jurors after verdict. Thus, the bar to reprosecution is completely removed by defendant's having moved for the mistrial and having had his conviction set aside as a result of trial error in the failure to grant the same. It has generally been held that the ban on double jeopardy does not preclude the reprosecution of a defendant whose conviction is set aside because of an error in the proceedings leading to conviction. *United States* v. *Tateo*, 377 U.S. 463, 84 S. Ct. 1587, 12 L. Ed. 2d 448 (1964). Thus, both on the principle that defendant's motion for mistrial waives any assertion of bar to reprosecution, and on the principle that the setting aside of a conviction for trial error does not bar reprosecution, defendant's claim that his rights under the double jeopardy clause of the Fifth Amendment were violated by the trial justice's denial of his motion to dismiss must fail.

The defendant also raises the issue that his acquittal by one District Court on the charge of failing to "grant right of way upon the immediate approach of an authorized emergency vehicle," collaterally estops the state from prosecuting him on a charge of reckless driving. The doctrine of collateral estoppel was applied to state criminal prosecutions by the Supreme Court of the United States in *Ashe* v. *Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). The essential holding of that case could be summed up in the following excerpt:

> " 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S. Ct. at 1194, 25 L. Ed. 2d at 475.

The Court went on to say that in order to determine whether collateral estoppel applied, it would be necessary to examine the record of a prior proceeding, take into account the pleadings, evidence, charge, and other relevant matter, and then conclude whether a rational trier of fact could have

grounded its decision upon an issue other than that which the defendant seeks to foreclose from consideration. When we apply this doctrine to the case at bar, it becomes most apparent that a rational trier of fact could well have based a decision of acquittal in the District Court upon the issue raised in the complaint, namely, whether defendant failed to grant a right-of-way to an authorized emergency vehicle. In this regard it would become a vital issue to determine whether the sheriff's bus or van was an authorized emergency vehicle under G.L. 1956 (1968 Reenactment) §31-1-3(k) as it was set forth prior to the amendment by P.L. 1973, ch. 252, §1. This element is totally absent from and not necessarily pertinent to the present charge of reckless driving. Therefore, the trial justice was correct in denying defendant's motion to dismiss on the ground of collateral estoppel.

The defendant in his appeal raises another question that does not relate to the issue of double jeopardy. This issue would not come within the exception of *Abney* v. *United States, supra,* which allows an appeal from other than a final judgment solely on double jeopardy grounds. Thus, defendant's claim that it was error to transfer his motions from Providence County to Kent County without his consent will not be considered at this time, since the ruling was purely of an interlocutory nature.

For the reasons stated, the appeal is denied and dismissed, the order appealed from is affirmed, and the case is remanded to the Superior Court for a new trial on the criminal complaint for reckless driving.

*Dennis J. Roberts II,* Attorney General, *Daniel Schrock,* Special Assistant Attorney General, for plaintiff.

*Samuel A. Olevson,* for defendant.