STATE

v.

**Ronald CHASE a/k/a Douglas Chase.**

**No. 90–70–C.A.**

Supreme Court of Rhode Island.

March 14, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., John Hogan, Sp. Asst. Atty. Gen., for plaintiff.

Lise J. Gescheidt, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case presents an issue of first impression. The defendant, Ronald Chase, appeals from a Providence County Superior Court denial of his motion to dismiss, following a determination in his favor at a probation-revocation hearing. We reverse.

On March 14, 1989, while on probation for a previous conviction, defendant was arrested after allegedly selling cocaine to an undercover police officer. He was charged by information with conspiracy to deliver a controlled substance and delivery of a controlled substance. The state also brought a motion to revoke defendant's probation, alleging that he had violated his probation by committing the charged offenses. At the probation-revocation hearing held on June 14 through 16, 1989, defendant testified that he had known that one of the potential buyers, a distinctive-looking black man, was a police officer acting in an undercover capacity. Also testifying for the defense was Detective Clarence W. Gough, Jr., the officer in question.

Following the presentation of the evidence, the trial justice denied the motion to find defendant in violation of his probation, stating:

"[This matter] boils down to a credibility issue.

"[T]he one point that I credit your testimony with is the fact that you knew Mr. Gough was a police officer. Gough himself was very candid in admitting that he probably had been introduced to you. He wasn't really positive about it, but he conceded the very likelihood that he did know you. Effectively, that corroborates your testimony that you, indeed, knew that he was a police officer, knew him by his nickname Gandi, and from his appearance, Gough certainly fit that description. So I credit at least that portion of your testimony, that you knew that Gough was a police officer as soon as you saw him in the car. And, according to both police officers and yourself, you looked into that car at the very onset of what apparently transpired thereafter at the gas station. So from the very inception of this episode, you knew that that car contained at least one police officer, and if there was one, I think your suspicions that the others were police officers is probably well founded.

"You had only been out of a jail less than a month, I take it, thereabouts, and I would suspect it was no place you wanted to go back to. Seeing the police officer in the car with the initial discussion of cocaine through street talk, bottles and so forth, obviously, you knew that they were acting in some undercover capacity. In fact * * * being as streetwise as brother Chase is, recognizing the police officer with the nickname Gandi, well known in the area, is not about to * * * involve himself in a situation which would put him back in the pokey."

Thus, the trial justice found it incredible that defendant would have breached the terms of his probation by committing the alleged offenses.

Following the hearing, defendant filed a motion to dismiss the criminal action on the grounds of collateral estoppel, double jeopardy, and due process. The defendant argued that the finding of nonviolation at the hearing precluded the state from relitigating the same issues at trial. The trial justice considered the extensiveness of the three-day hearing and the probable lack of any additional inculpatory evidence at trial. Nevertheless, he denied the motion to dismiss so that this court would have an opportunity to address the issue: whether a finding of nonviolation at a probation-revo-

cation hearing precludes the state from relitigating the issue of defendant's guilt or innocence for the criminal offense. We hold that it does.

■ We note at the outset that this court has jurisdiction over this appeal pursuant to *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Ordinarily, denial of a motion to dismiss in a criminal action is not a final judgment from which an appeal may be taken. *State v. Jenison*, 122 R.I. 142, 145, 405 A.2d 3, 5 (1979). When the motion to dismiss is based upon double-jeopardy and collateral-estoppel grounds, however, we allow an immediate appeal. *State v. Berberian*, 122 R.I. 693, 697, 411 A.2d 308, 310 (1980).

One of defendant's claims is that relitigation of the issues at trial would violate the prohibitions against double jeopardy. We shall dispense with this argument with dispatch.

■ It is a well-established proposition that a probation-revocation hearing is not part of a criminal prosecution and therefore does not give rise to the full panoply of rights that are due a defendant at trial. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972); *State v. Bourdeau*, 448 A.2d 1247, 1248 (R.I.1982). Essentially the hearing is a continuation of the original prosecution for which probation was imposed. The sole purpose of the hearing is to determine whether a defendant has breached a condition of the existing probation, not to convict a defendant for a new criminal offense. *Bourdeau*, 448 A.2d at 1248. As a result, a defendant is not twice placed in jeopardy for the same offense when the facts litigated at the hearing are later used to support a criminal prosecution. *Hardy v. United States*, 578 A.2d 178, 181 (D.C.Ct.App. 1990).

Although we dismiss defendant's double-jeopardy argument, we find his collateral-estoppel claim meritorious.

■ Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be liti-

gated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). In order for the doctrine to bar a proceeding, several requirements must be satisfied: there must be an identity of issues; the prior proceeding must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is sought must be the same as or in privity with the party in the prior proceeding. *Providence Teachers Union, Local 958 v. McGovern*, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974). We find that these requirements are met in this case.

■ It cannot be disputed that the parties involved in the probation-revocation hearing, the state and defendant, are the same parties involved in the criminal proceeding. Furthermore, there was a final judgment on the merits at the hearing. A split of authority exists in regard to what constitutes "a valid and final judgment." *Ashe*, 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. For cases holding that a finding of nonviolation in a probation-revocation hearing is not a valid and final judgment, see *United States v. Miller*, 797 F.2d 336, 341 (6th Cir.1986); *State v. Williams*, 131 Ariz. 211, 213, 639 P.2d 1036, 1038 (1982). *See also People v. Fagan*, 104 A.D.2d 252, 255, 483 N.Y.S.2d 489, 492 (1984) (questioning whether parole-hearing determination is valid and final judgment). For cases holding that such a finding is a valid and final judgment, see *Lucido v. Superior Court*, 51 Cal.3d 335, 342, 795 P.2d 1223, 1225, 272 Cal.Rptr. 767, 769 (1990); *People v. Kondo*, 51 Ill.App.3d 874, 877–78, 9 Ill.Dec. 479, 481, 366 N.E.2d 990, 992 (1977); *State v. Bradley*, 51 Or.App. 569, 573–74, 626 P.2d 403, 406 (1981); *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex. Crim.Ct.App.1986).

■ In our opinion, the better-reasoned cases hold that the finding of nonviolation is a valid and final judgment. "The doctrine of collateral estoppel does not require a judgment which ends the litigation and leaves nothing for the court to do but execute the judgment, but includes many dis-

positions which, though not final in that sense, have nevertheless fully litigated the issue." 46 Am.Jur.2d *Judgments* § 457 (1969). Thus it is the substance and not the form of the prior adjudication that determines the applicability of collateral estoppel. *Kondo,* 51 Ill.App.3d at 877, 366 N.E.2d at 992.

Finally we come to the identity-of-issues requirement. In *Lucido,* the California Supreme Court divided this requirement into three factors: first, the issue sought to be precluded must be identical to the issue decided in the prior proceeding; second, the issue must actually have been litigated; and third, the issue must necessarily have been decided. *Lucido,* 51 Cal.3d at 341, 795 P.2d at 1225, 272 Cal.Rptr. at 769.

The state argues that the issues are not identical because each proceeding serves a different purpose. The probation-revocation hearing determines whether a defendant has violated the terms of his or her probation, whereas the criminal prosecution determines a defendant's guilt or innocence for the underlying offense. Furthermore, each proceeding requires a different burden of proof and gives rise to different due-process rights. Although we agree with the state that the proceedings are different, we do not find these differences dispositive because the factual allegations in each proceeding are clearly the same. In both cases the ultimate question of fact is, Did defendant commit the crimes with which he is charged?

The state does not contend that this issue was not actually litigated at the hearing. Each party had a full and fair opportunity to present evidence and call witnesses. We note that any additional witnesses the state may have called at trial would have contributed only repetitive or cumulative evidence without " 'bring[ing] to light some new and independent truth of a different character.' " *State v. Tavares,* 461 A.2d 390, 392 (R.I.1983) (defining noncumulative evidence that would entitle a party to motion for new trial).

Finally, the issue was necessarily decided at the hearing. The trial justice believed that defendant recognized Detective Gough as a police officer; Detective Gough's own testimony helped to corroborate this. Taking this evidence together with defendant's streetwise character and desire to stay out of jail, the trial justice concluded that defendant did not commit the crimes and therefore did not violate his probation. We need not speculate about any other grounds on which the trial justice may have based his determination.

■ We emphasize that today's holding is necessarily limited to the circumstances of this case. A trial justice has broad discretion to revoke or continue probation as long as the exercise of that discretion is not arbitrary or capricious. *State v. Studman,* 121 R.I. 766, 767, 402 A.2d 1185, 1186 (1979). Furthermore, the rules of evidence are not applied as stringently at a probation-revocation hearing as they are at a trial. Therefore, it is our considered opinion that only a specific finding on a material matter of fact fully litigated at the probation-revocation hearing will collaterally estop the state from attempting to prove the same fact at trial. A general finding will not suffice, nor will a specific finding that was not fully litigated unless the state had notice that the issue was to be litigated fully at the hearing and had a fair opportunity to do so. *Bradley,* 51 Or.App. at 574, 626 P.2d at 406; *Tarver,* 725 S.W.2d at 200.

The disposition of the instant case should encourage the state to initiate future probation-revocation proceedings with more concern for judicial economy. The state should not use a probation-revocation hearing as a proving ground for its substantive case.

■ Alternatively, the state may elect to bring a defendant to trial first and to institute the probation-revocation hearing after. This sequence of events has been recommended in at least one jurisdiction as well as by the American Bar Association. *Lucido,* 51 Cal.3d at 365, 795 P.2d at 1242, 272 Cal.Rptr. at 786 (Broussard, J., dissenting); 3 ABA Standards for Criminal Justice, Standard 18–7.5(f), Commentary at 18:535 (1978). Furthermore, an acquittal at trial would not automatically preclude a

subsequent revocation proceeding because of the different burdens of proof required by each. *Studman*, 121 R.I. at 767, 402 A.2d at 1186.

For the foregoing reasons the defendant's appeal is sustained, the order of the Superior Court denying the defendant's motion to dismiss is reversed, and the papers of the case are remanded to the Superior Court with instructions to dismiss the charges against the defendant.