STATE

v.

Edward WILSON.

No. 91–468–C.A.

Supreme Court of Rhode Island.

March 23, 1992.

James E. O'Neil, Atty. Gen., Steven John DeLuca, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Barbara Hurst, Asst. Public Defenders, for defendant.

OPINION

PER CURIAM.

This matter was before the Supreme Court on an order issued to the state to appear and show cause why the defendant's appeal should not be sustained. The defendant was arraigned and charged on September 27, 1990, with a crime of robbery. As a consequence of that charge he was accused of violating a probation imposed in 1989.

After a hearing on the alleged probation violation, the trial justice ruled that she was not reasonably satisfied that defendant had violated the conditions of his probation. Following the violation hearing defendant was indicted on the robbery charge. The defendant then filed a motion to dismiss the indictment on the ground that the state was collaterally estopped from prosecuting him under *State v. Chase*, 588 A.2d 120 (R.I.1991).

After reviewing the memoranda submitted by the parties and after hearing counsel for the state and for the defendant in oral argument, this court concludes that cause has not been shown. In *Chase* we held that "a finding of nonviolation at a probation-revocation hearing precludes the state from relitigating the issue of defendant's guilt or innocence for the criminal offense." 588 A.2d at 121–22. The case before us presents circumstances identical to those in *Chase*.

For these reasons the defendant's appeal is sustained, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court with the direction that the indictment against the defendant be dismissed.