STATE

v.

Jose AVILA.

No. 93–53–C.A.

Supreme Court of Rhode Island.

Nov. 1, 1993.

Jeffrey Pine, Atty. Gen., Lauren Sandler Zurier, Aaron Weisman, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

### PER CURIAM.

This case came before the Supreme Court on October 8, 1993, pursuant to an order directing both parties to show cause why this appeal should not be summarily decided.

 The defendant, Jose Avila, appeals a Superior Court order denying his motion to dismiss a multiple-count indictment of first- and second-degree sexual assault. The defendant asks this court to reverse the trial justice's order and to dismiss the indictment against him on the grounds that the doctrine of collateral estoppel precludes the state from relitigating the issue of sexual assault that was specifically addressed at an earlier proceeding before the Family Court.

In its most basic form, collateral estoppel stands for the proposition that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970); *see also State v. Chase,* 588 A.2d 120 (R.I.1991) (collateral estoppel requires an identity of the issues, an identity of the parties, and a prior proceeding resulting in a final judgment on the merits).

The record in the instant case is devoid of any evidence to support defendant's contention that the justice of the Family Court entered a finding in favor of defendant on the issue of sexual assault in the earlier proceeding. The justice explicitly reserved judgment on whether defendant sexually assaulted his daughters as alleged. The only finding that was made with regard to the sexual-abuse allegations was that counseling was necessary to address defendant's uncertainty in dealing with the developing sexuality of his daughters. In articulating his decision, the

justice stated that "[t]he [c]ourt feels the parent must be counseled as to how [he] treat[s] a ten or twelve year old girl, and how [he] react[s] to that child sexually. * * * As to the act of sexual abuse, the [c]ourt makes no finding."

The issue of sexual assault was not determined by a valid and final judgment of the Family Court. Collateral estoppel does not bar the present pending criminal action.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. The order of the trial justice is therefore affirmed. The defendant's appeal is denied and dismissed. The papers of the case are remanded to the Superior Court for further proceedings.

FAY, C.J., did not participate.