### STATE

v.

### Antonio YELLAND.

No. 94-276.

Supreme Court of Rhode Island.

Dec. 21, 1994.

Aaron Weisman, Providence.

William Dimitri, Providence.

### ORDER

This matter came before the Supreme Court on December 16, 1994 pursuant to an order directing the parties to appear and show cause why the issues raised in the appeal should not be summarily decided. The defendant appeals from a Superior Court trial justice's denial of his motion to dismiss six counts of first degree child molestation.

On June 24, 1992 defendant pled nolo contendre to one count of simple domestic assault and received a one year probationary sentence. In October 1992 defendant was subsequently found to have violated the terms of his probation in the District Court for molesting his biological daughter. The hearing judge stated that he was satisfied beyond a reasonable doubt that defendant was guilty of first degree child molestation. The defendant's probation was revoked and he was held without bail. Thereafter, defendant was indicted on seven counts of first degree child molestation. In his Superior Court motion to dismiss, defendant, relying on *State v. Wiggs*, 635 A.2d 272 (R.I.1993); *State v. Chase*, 588 A.2d 120 (R.I.1991) and *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), argued that since the evidence of the crimes charged in the seven counts of first degree child molestation was presented at his probation revocation hearing, the state was collaterally estopped from bringing him to trial on those counts. In this appeal, defendant argues that collateral estoppel bars the trial of offenses that a probation revocation judge previously found defendant had committed.

In both *Chase* and *Wiggs*, this court held that a probation violation hearing could form the basis for the collateral estoppel of a later criminal proceeding. *Wiggs* lends little support to defendant's position since in that case the former judgment was in favor of the defendant. *Chase* also lends little support to defendant's position since in that case the probation revocation hearing judge found that there was not sufficient proof beyond a reasonable doubt that the defendant had

committed the crime alleged. Because the hearing judge in the instant case found that defendant had in fact committed the offenses "beyond a reasonable doubt," we are of the opinion that collateral estoppel is inapplicable.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties it is our opinion that cause has not been shown. Accordingly the defendant's appeal is denied and dismissed and the papers of this case are remanded to the Superior Court for further proceedings.