**STATE**

v.

**Walter PERRY.**

**No. 94–534–CA.**

Supreme Court of Rhode Island.

April 12, 1995

Jeffrey Pine, Atty. Gen., Joseph P. Youngs, III, Carl Levin, Sp. Asst. Attys. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Donna Uhlmann, Providence, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument March 16, 1995, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The defendant, Walter Perry, has appealed from the denial of his motion to dismiss two murder charges pending against him on the ground of collateral estoppel. Although the denial of a motion to dismiss ordinarily would not be appealable, since the issue of collateral estoppel is raised, an immediate appeal is permitted pursuant to *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *State v. Wiggs*, 635 A.2d 272, 275 (R.I.1993).

The defendant had been charged with two counts of murder, two counts of conspiracy, and three counts of robbery by complaint. Pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, defendant was presented as a violator of probation imposed on prior unrelated charges. A combined bail and probation-revocation hearing was held on March 7, 9, and 14, 1994. The prosecutor stated on the second day of hearing that the violation-of-probation charge would be based solely upon the events underlying the robbery counts. The state specifically disclaimed any intention of presenting evidence concerning the murder counts.

After the presentation of evidence relating to defendant's participation in three robberies, the hearing justice determined that defendant had violated his probationary status. Since this was also a bail hearing, the hearing justice denied bail in regard to the robbery charges and set bail in regard to two counts of conspiracy and also set personal recognizance on the murder charges since no evidence had been presented in respect to those charges.[1]

The defendant has moved to dismiss the murder charges on collateral estoppel grounds even though no evidence was presented at his violation hearing in respect thereto. He cites *State v. Wiggs, supra*, and *State v. Chase*, 588 A.2d 120 (R.I.1991), in support of the proposition that if the state presents insufficient evidence to support a violation charge in respect to a matter for which a defendant has been indicted and the hearing justice finds that the offense has not been established, this collaterally estops the state from attempting to prove the charges at a plenary trial.

We reaffirm the holding in these cases but are of the opinion that they are not applica-

1. Thereafter an indictment was returned charging defendant with two counts of murder, three counts of robbery, and one count of conspiracy.

ble to the instant case. In *Wiggs*, we pointed out that in order for the doctrine of collateral estoppel to apply, three factors must be considered: "[F]irst, the issue sought to be precluded must be identical to the issue decided in the prior proceeding; second, the issue must actually have been litigated; and third, the issue must necessarily have been decided." 635 A.2d at 275 (quoting *Chase*, 588 A.2d at 123).

■ In the case at bar, no evidence was presented in regard to the murder charges. The issues relating to those charges were not actually litigated and certainly were not necessarily decided since the state relied only upon the robbery evidence to establish a violation of the defendant's probationary status. Consequently the state is not collaterally estopped from prosecuting the defendant on two counts of murder pursuant to the indictment now pending. The hearing justice was correct in denying the defendant's motion to dismiss.

For the foregoing reasons the defendant's appeal is denied and dismissed. The order of the hearing justice denying the motion to dismiss is hereby affirmed. The papers in the case may be remanded to the Superior Court for further proceedings.