STATE

v.

Michael PINNEY.

No. 95–313–M.P.

Supreme Court of Rhode Island.

March 18, 1996.

Andrea J. Mendes, Special Asst. Atty. General, for Plaintiff.

Janice Weisfeld, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on January 22, 1996, pursuant to an order directing the state and the defendant, Michael Pinney, to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the state filed a petition for the issuance of a writ of certiorari to review the order of the Superior Court directing the Attorney General to withdraw a violation complaint filed against the defendant, pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.

On January 13, 1995, defendant was sentenced to one year's probation in the Sixth District Court for committing larceny over $500. Two months later defendant was presented in the Sixth District Court as a violator of the previously imposed one-year suspended sentence on the basis of new charges of burglary, robbery, assault with a dangerous weapon, and sexual assault. In a combination bail probation-violation hearing, the District Court justice ordered defendant held without bail and declared him to have violated the terms and conditions of his probation.

On April 24, 1990, defendant was also sentenced in the Superior Court to five years' imprisonment, six months to serve, on charges of carrying a pistol without a license and receiving stolen goods worth over $500. Three and a half years later, while on probation, defendant plead nolo contendere to possession of heroin, and the Superior Court sentenced him to three years imprisonment with four months to serve. Relying on the new charges that caused defendant to be a violator in the District Court, the state filed a Rule 32(f) violation complaint in the Superior Court and presented defendant as a violator on this sentence.

The Superior Court justice ordered the violation report withdrawn on the grounds that the state should have elected to proceed in either the District Court or the Superior Court but not both courts when using the same criminal acts as a basis for both violation proceedings. That order was erroneous.

▮ It would appear that the trial justice based his decision on policy grounds—to avoid multiple hearings arising out of the same facts. The defendant, however, argues that the ruling in question arose out of the doctrines of double-jeopardy and collateral estoppel. We disagree.

▮ The double-jeopardy clause prohibits multiple prosecutions for the same offense. *State v. Grabowski,* 644 A.2d 1282, 1284 (R.I.1994). A violation hearing is not a prosecution but is civil in nature. At such a hearing the court determines whether a defendant has failed to keep the peace and to remain on good behavior, which he or she must do in order to stay on probation. *See Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661 (1973); *State v. Chase,* 588 A.2d 120, 122 (R.I.1991). In the instant case defendant had already been convicted of different crimes in different courts. While on probation for both sentences, he was charged with committing new offenses. Consequently he was presented as a violator on both sentences. Only the sentencing court has the authority to reinstate previously imposed suspended sentences. For jurisdictional reasons, therefore, the state was required to file Rule 32(f) violation reports in both the District and the Superior Courts.

The defendant's reliance on *State v. Chase, supra,* and *State v. Wiggs,* 635 A.2d 272 (R.I.1993), for the proposition that collateral estoppel bars a second violation hearing is misplaced. The defendants in those cases were found not to have committed the offenses charged at the violation hearings. *Wiggs,* 635 A.2d at 275; *Chase,* 588 A.2d at 122–23. Consequently the state could not proceed against them on the merits of those charges. In the instant case a plea of nolo contendere entered by the defendant and an adjudication that he had committed the offenses charged place him in an entirely different situation from that of the defendants in *Chase* and *Wiggs.*

For these reasons the state's petition for certiorari is granted, the order of the Superior Court is quashed, and the papers of the case are remanded to the Superior Court with our opinion endorsed thereon.