### STATE of Rhode Island

v.

### William HARRINGTON.

No. 97–280–C.A.

Supreme Court of Rhode Island.

Dec. 15, 1997.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

### ORDER

This case came before the Supreme Court on the defendant's appeal from a Superior Court order denying his motion to dismiss a criminal information charging him with assault with intent to commit sexual assault on double jeopardy grounds. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

Although the instant appeal is interlocutory, this court will consider the issue at this time pursuant to *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). While a denial of a motion to dismiss a criminal action is not a final judgment from which an appeal may be taken, this court has stated that when the motion to dismiss is based upon double-jeopardy and collateral-estoppel grounds, as in this case, the court will allow an immediate appeal. *See State v. Wiggs*, 635 A.2d 272, 275 (R.I.1993); *State v. Chase*, 588 A.2d 120, 122 (R.I.1991).

In the case now before us, the defendant appeared before a justice of the Superior Court in October of 1996 for a violation hearing based on the charge of assault with intent to commit sexual assault. The trial justice, at the conclusion of a violation hearing, found that the defendant had violated the terms and conditions of his probation and continued him on the same sentence. Subsequent to the violation hearing, the defendant filed a motion to dismiss the underlying charge based upon collateral estoppel, citing *State v. Wiggs* and *State v. Chase*. It was the defendant's contention that since the trial justice neither made specific findings of fact nor imposed a sentence, the trial justice was not reasonably satisfied by the evidence.

The defendant's motion to dismiss was heard before another justice of the Superior Court. After consulting with the violation justice, the motion justice denied the defendant's motion. The motion justice reasoned that although the violation justice "was not terribly impressed with the evidence that the State presented," he did find the evidence to be sufficient and, in fact, he found the defendant to be a violator.

We disagree with the defendant's contentions that this court's holdings in *Chase* and *Wiggs* are applicable to the instant case. Both *Chase* and *Wiggs* involved defendants who were found not to be violators after a full violation hearing. Unlike the situations

 

in *Chase* and *Wiggs,* the defendant in this case was found to be a violator.

We have carefully considered the record in this case and the arguments of the defendant, and for the reasons stated we deny and dismiss the appeal and affirm the order of the Superior Court. The papers in this case may be returned to the Superior Court.