DECISION
This matter is presently before the Court on Defendant, Arthur D'Amario, III's, pro se "Motion for New Trial" and "Motion for Protective Order" which were filed on October 10, 2000.
According to defendant's correspondence, he was then, or currently is, being held in the custody of the United States Bureau of Prisons, in Rochester, Minnesota.
 TRAVEL
Defendant was arrested and charged on December 29, 1995 in the Rhode Island District Court with "obstruction of judicial system" by the Rhode Island Department of Attorney General.
On February 13, 1996, this "Criminal Information" (hereinafter "Information") was filed alleging that defendant ". . .did . . .obstruct and impede the due administration of justice, in violation of §11-32-3(a) of the General Laws of Rhode Island. . . ." Defendant was arraigned on this "Information" on March 1, 1996, and he entered his appearance pro se on the same date.
Defendant thereafter filed, pro se, a number of pretrial motions (e.g. Motion to Reduce Bail, Motion for Protective Order, Speedy Trial, Discovery and Inspection, Motion to Dismiss, etc.). During the spring and early summer of 1996, numerous motions were filed both by defendant pro se and the State of Rhode Island, and numerous orders were entered reflecting this then pending "Information."
On August 6, 1996, counsel entered his appearance on behalf of defendant upon the filing of a Notice of Bail Violation Report, pursuant to Rule 46(g) of the Superior Court Rules of Criminal Procedure. The basis of that filing was the filing of a criminal complaint alleging that defendant made "threats to a public official," and "resisting arrest." Defendant reentered his appearance pro se on this matter on August 14, 1996, and the matter proceeded to a bail violation hearing on August 20, 1996.
On August 21, 1996, the trial justice (then Superior Court Associate Justice, now Supreme Court Associate Justice Goldberg) appointed counsel for defendant and scheduled a trial on the original "Information" to September 16, 1996. Counsel entered his appearance in this matter on September 10, 1996.
The original charge in this "Information" was disposed of on October 8, 1996 before Justice Goldberg when defendant, with counsel, entered a plea of nolo contendere, was sentenced to eighteen (18) months at the Adult Correctional Institution, which sentence was suspended and a probationary term of three (3) years with certain conditions also being imposed.
On February 12, 1999, the Attorney General's office, pursuant to Section 12-12-9 of the General Laws of Rhode Island, 1956 (1994 Reenactment) and Rule 32(f) of the Superior Court Rules of Criminal Procedure, filed a "Violation Report" in this "Information" and requested that the court issue a warrant for defendant's arrest.
The factual basis of the request was a report filed by the Town of Smithfield, Rhode Island dated February 9, 1999 that alleged, in part, that defendant was illegally in possession of a firearm (Raven Arms .25 caliber semiautomatic handgun Model MP-25 serial #1247478).
The warrant requested by the Attorney General's office on February 12, 1999 was issued that same day. Defendant, thereafter, was presented before the court on February 22, 1999, and ordered held without bail, in state custody, pending the violation hearing. The matter was scheduled for hearing to determine who would represent defendant on March 1, 1999 and was scheduled for a violation hearing on March 8, 1999.
The court on February 22, 1999 sought to appoint counsel for defendant, however, according to the "Criminal Case Action Report/Warrant for Conviction" (hereinafter "Clerk's Notes") reports contained in the file, fifteen (15) "Notice(s) of Court Appearance(s)" were directed to Edward Roy, Esquire dated various dates between March 4, 1999 through January 12, 2000. The court notices were for various scheduled proceedings (e.g. Motion to Vacate Plea entered on October 8, 1996; violation hearing). In addition, "Clerk Notes" commencing March 8, 1999 through March 12, 2000 indicate that Mr. Roy appeared on behalf of defendant for hearing on various motions (e.g. Motion to Vacate Plea; scheduling for violation hearing, waiver of violation hearing).
Sometime between February 9, 1999 and March 13, 2000, defendant was charged in the United States District Court, District of Rhode Island, CR 99-24ML, of being a felon in possession of a firearm in violation of federal criminal statutes. The factual basis of the federal charge was according to the mutual representation of counsel for the State of Rhode Island and counsel for defendant, the same set of facts as the underlying facts contained in the violation report and the request for a warrant filed by the State in this "Information" on February 12, 1999. On March 13, 2000, defendant, together with Mr. Roy as counsel, appeared before this Court. Defendant on that day waived his right to the violation hearing and admitted he was a violator. The court, relying upon the doctrine enunciated in State v. Hie, 698 A.2d 283, 284 (RI 1996), and pursuant to Rhode Island Evidence Rule 201(b) took "judicial notice" that defendant had been charged, tried and convicted in the United States District Court, District of Rhode Island, in CR 99-24ML of the federal offense of "felon in possession of a firearm," and declared defendant to be a violator of his earlier suspended sentence in this "Information." Defendant was sentenced in this matter to three hundred eighty-six (386) days of the original eighteen (18) month suspended sentence. He was ordered to be credited for time served from February 22, 1999 until March 13, 2000, and the sentence to serve was ordered to be concurrent with his federal sentence.
Allegedly, because defendant had been ordered held without bail in state custody after he was presented before the court on February 22, 1999 until March 13, 2000, the federal authorities declined to treat the sentence imposed on March 13, 2000 as a concurrent sentence, but rather ordered the federal sentence to be served consecutive to the state sentence.
Defendant on May 23, 2000, through counsel, filed a "Motion to Reduce Sentence," that was heard and denied without prejudice on May 31, 2000. Thereafter, defendant wrote to the court (letter filed July 27, 2000) wherein he stated, in part, "Ed Roy no longer represents me. If this matter requires my appearance through counsel please assign someone." Defendant, according to the court file, on August 9, 2000 was referred to the office of the Public Defender for determination of possible representation on the Motion to Reduce. The court file reflects that new private counsel entered his appearance, pro bono, on August 16, 2000.
After new counsel filed a "Supplemental Motion to Reduce Sentence" on September 11, 2000, the court heard argument on September 22, 2000 from the parties. After hearing argument, the court denied defendant's Motion to Reduce Sentence.
Upon receipt of the instant motions filed on October 10, 2000, the court wrote to counsel who had recently represented defendant to inquire if counsel (1) continued to represent defendant, or if not (2) would counsel consider representing defendant in these motion. Prior counsel responded in writing dated October 24, 2000, that after speaking telephonically with defendant that he would not be representing defendant and defendant desired to proceed on his motions, pro se, "as is his (defendant's) right under the law."
Thereafter, the court wrote the Rhode Island Department of Attorney General (hereinafter "Department") requesting that the "Department" advise the court as to the earliest defendant could be presented before this Court on his motion. In response by letter dated November 16, 2000, the "Department" advised in part "Mr. D'Amario could be returned. . .from federal custody upon application by the Department of Attorney General for a writ of habeas corpus. The federal facility . . . may or may not recognize this writ."
The Department further opined that (a) "the motions filed (by defendant) are frivolous and entirely without merit," and (b) "Defendant's `Motion for a New Trial' is well beyond the time limits set in Rule 33, the time limits are jurisdictional, (that) the motion should be denied on its face without need for hearing"; (c) "(defendant's) `Motion for a Protective Order' is unrelated to (the criminal case) and, therefore, this motion should also be denied without need for a hearing." The "Department" concluded ". . . unless ordered by the court, the `Department' respectfully declines to seek application for a writ of habeas corpus to return (defendant) to the State of Rhode Island."
 DISCUSSION
In reviewing the motions filed by defendant, they seek (1) a new trial pursuant to Rule 33 of the Rules of Criminal Procedure and (2) a motion for a protective order.
Addressing the second motion first, defendant's motion requests an order "requiring the state and ex-counsel. . .to gather and destroy all copies of a confidential communication delivered by defendant to counsel in June 2000 for the reason that said communication is subject to attorney-client privilege." Defendant did not identify or specify the subject matter of the alleged confidential communication between him and former counsel. It cannot be determined from the nebulous statement by defendant if the communication allegedly divulged pertained to the subject matter of the probation violation before this Court or some other transaction between defendant and former counsel. Nor can it be determined if the communication is within the subject matter of another forum.
Other than making reference to attorney-client privilege, defendant has not alleged, referred, nor cited any constitutional, statutory or procedural rule that he claims was violated, and if so, how. This Court is left to engage in speculation, that it declines to do, as to whether this motion fits within the limited framework of the probation violation before this Court. Given the limited purpose of a probation violation proceeding to determine if a defendant has abided by the terms and conditions of probation, State v. Hie, 698 A.2d 283, 284, State v. Pinney, 672 A.2d 870, 871 (RI 1996), citing Gagnon v. Scarpelli,411 U.S. 778, 781-82, 93 S.Ct. 1750, 1759, 36 L.Ed, 656, 661 (1973), this Court denies defendant's "Motion for a Protective Order" without the need for hearing because, at best for defendant, the alleged confidential communication was delivered well after defendant was declared a violator by this Court on March 13, 2000.
Concerning defendant's "Motion for New Trial," the State argues that because the time limits are jurisdictional the motion filed ". . . is well beyond the time limits set in Rule 33, and the motion should be denied on its face without need for a hearing. . . ." Without addressing the merits of any contentions raised in defendant's motion or in his "Affidavit Supporting Motion For New Trial," he indicates that information was obtained by him "[B]etween late August and late September 2000. . . ." Defendant's Motion for New Trial was filed on October 10, 2000.
A cursory review of Rule 33 of the Superior Court Rules of Criminal Procedure, reveals the following: "A motion for new trial based on grounds of newly discovered evidence may be made only before or within two (2) years after entry of judgment by the court. . ." and "a motion for a new trial based upon any other ground shall be made within ten (10) days after verdict or finding of guilty. . . ." These are the only references to time limits within the rule.
Although this Court would agree that under any circumstances defendant's motion was filed more than ten (10) days after he was adjudged a violator on March 13, 2000, the State does not articulate the basis for its conclusion that the "Motion for New Trial" is well beyond the time limits set in Rule 33. To accept this statement, without more, places this Court in the position of being a fact finder when no facts are offered. No other legal or factual basis is offered by the State to this Court to support its opinion that the court may deny the Motion for New Trial on its face without need for a hearing.
Although not stated, perhaps the State views defendant's Motion for New Trial, his demand to be present, his refusal to allow counsel to pursue this matter perhaps without defendant's presence being required, defendant's insistence of representing himself pro se, all to be nothing more than evidence of defendant's continuing effort to obstruct and impede the administration of justice.
At hearing the court may conclude that no evidence was, in fact, "newly discovered evidence" solely in the context of the travel and the issue(s) raised before this Court as a result of the probation violation notice filed February 12, 1999. Additionally, it could be determined that defendant's motion is in other respects improper. It may turn out that the State's conjecture that "the federal facility may not recognize this writ. . ." may come to pass. However, without more, the court could be placing substantial real interests of this defendant behind apparent minor inconveniences to the State.
Therefore, the Court hereby orders the State of Rhode Island within twenty (20) days of the date of this decision to apply for a writ of habeas corpus for defendant's appearance before the court for hearing on his Motion for New Trial.
The Court hereby denies defendant's Motion for Protective Order for the reason(s) stated herein.
The State shall submit an order consistent with this decision within ten (10) days of the date of this decision.