## STATE

### v.

### Jeffrey ROSE.

### No. 2000–341–C.A.

Supreme Court of Rhode Island.

Dec. 20, 2001.

Annie Goldberg, Aaron L. Weisman, Providence.

Jeffrey Rose, pro se.

---

1. The defendant was sent notice of the hearing, by certified and regular mail, to the address provided by defendant. However, both were returned because defendant failed to notify the Court of his forwarding address.

## ORDER

This case came before the Court for oral argument on December 10, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not summarily be decided. When the *pro se* defendant, Jeffrey Rose (defendant), failed to appear at the scheduled oral argument,[1] the Court announced that it would decide this case without oral argument, based only upon the papers submitted, pursuant to Article I, Rule 22(f) of the Supreme Court Rules of Appellate Procedure.[2]

The defendant appeals from an order of a Superior Court trial justice that upheld a Superior Court magistrate's denial of defendant's request to transfer his criminal case to the District Court. The trial justice determined the magistrate properly found that Rule 23 of the District Court Rules of Criminal Procedure does not permit a conditional transfer to the Superior Court.[3]

On February 21, 1999, defendant was charged with operating a vehicle under a foreign license after his Rhode Island license had been suspended, in violation of G.L.1956 § 31–11–12. The defendant was arraigned on March 10, 1999. Subse-

---

2. Article I, Rule 22(f) of the Supreme Court Rules of Appellate Procedure states in part that "[i]n the event of absence of counsel or either of them at the time the case is in order for hearing, the [C]ourt may hear the cause or take it upon briefs."

3. Rule 23 states, in part, that:

"[t]he defendant shall also be informed that if within ten (10) days of the date of his or her arraignment the defendant does not file a written waiver of his or her right to a jury trial in the first instance, the proceedings shall be transferred to the Superior Court for trial in that court. If the defendant files such a waiver the case shall proceed in accordance with these rules."

quently, on March 25, 1999, defendant wrote a letter to the clerk of the District Court, requesting that his file be transferred to the Superior Court "pursuant to an offer of disposal by the office of the Attorney General by its assistant prosecutor Kathy Kelly." The letter stated that he reserved his right to have the case returned to the District Court if the agreement with the prosecutor was not finalized. On November 15, 1999, the case was transferred to the Superior Court pursuant to Rule 23.

On December 13, 1999, defendant contested the transfer because of his claimed conditional waiver and requested that the matter be remanded to the District Court. A magistrate upheld the transfer, ruling there was no right of a contingent appeal under the rules and that the matter was "legally before the Superior Court." The defendant appealed the magistrate's decision. A Superior Court trial justice upheld the transfer, finding that the magistrate properly interpreted the law. The defendant timely appealed.

The defendant argues that he did not waive his right to a trial in the District Court. In the instant case, because the matter is interlocutory, this Court does not have jurisdiction over this matter, and thus, it is improperly before this Court. An order determining the issue of jurisdiction does not constitute a final judgment. In criminal cases, the only interlocutory appeal that can be properly heard before this Court is the denial of a motion to dismiss based on double jeopardy grounds.

*See State v. Harrington,* 705 A.2d 998, 998 (R.I.1997); *State v. Northup,* 688 A.2d 863, 863 (R.I.1997); *State v. Wiggs,* 635 A.2d 272, 275 (R.I.1993); *State v. Chase,* · 588 A.2d 120, 122 (R.I.1991). This issue, therefore, does not "come within the exception of *Abney v. United States,* [431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)], which allows an appeal from other than a final judgment solely on double jeopardy grounds." *State v. Berberian,* 122 R.I. 693, 411 A.2d 308, 312 (1980). For this matter to have been properly considered by this Court, defendant should have submitted a petition for a writ of certiorari.

Even if the defendant's appeal were properly submitted, the record is devoid of any Rule 23 jury trial waiver and the rule does not permit a conditional waiver. Finally, the letter the defendant claims is a conditional waiver was untimely as it was filed fifteen days after his arraignment. Thus, the trial justice properly denied the defendant's request to transfer the matter to District Court.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case are to be returned to the Superior Court.